*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

In re LEZOTTE, Minors.

UNPUBLISHED
January 11, 2024

No. 365884
Wayne Circuit Court
Family Division
LC No. 2022-001587-NA

Before: K. F. KELLY, P.J., and JANSEN and HOOD, JJ.

PER CURIAM.

Respondent appeals as of right the trial court's order terminating his parental rights to his two minor children, AL and NL, under MCL 712A.19b(3)(b)(*i*) (parent's act caused injury or sexual abuse), (g) (failure to provide care and custody), (j) (reasonable likelihood of harm if returned to parent), (k)(*ii*) (criminal sexual conduct involving penetration, attempted penetration, or assault with intent to penetrate), and (k)(*ix*) (sexual abuse of a child). Respondent argues on appeal that the order terminating his parental rights should be reversed because he was denied the effective assistance of counsel. We affirm.

## I. FACTUAL BACKGROUND

Respondent is AL and NL's biological father. The children's mother was not a respondent, and she retains her parental rights to both children. Both children are in their mother's care and custody.

In September 2022, petitioner filed a permanent custody petition alleging that respondent sexually abused NL since she was four years old. Petitioner alleged respondent sexually assaulted NL over 25 times by putting his penis in her vagina, with the last incident being in May 2022. Respondent would ask NL to "play" with him, and NL would agree to have sex with him because she did not want to upset respondent. After the last incident, NL told her uncle and mother about respondent's abuse because she was scared respondent would soon begin sexually abusing AL.

In March 2023, the trial court held a trial addressing jurisdictional grounds, statutory grounds for termination, and best interests. Then 14-year-old NL testified at trial regarding respondent's sexual abuse. Respondent did not testify or call any witnesses. At the close of trial, the court found jurisdictional grounds under MCL 712A.2(b)(1) (neglect) and (2) (unfit home

environment), and statutory grounds under MCL 712A.19b(3)(b)(*i*), (g), (j), (k)(*ii*), and (k)(*ix*). The trial court found NL's testimony to be "quite credible" and "quite clear." The court stated that both children "should be able to feel safe [] in [their] own home," and they should never "be subjected to [respondent] from now on." The court concluded that termination was in both NL's and AL's best interests considering the risk of harm and sexual abuse to both children. Following the trial, the court entered an order terminating respondent's parental rights.

## II. PRESERVATION OF ISSUE

"[A respondent] must move in the trial court for a new trial or an evidentiary hearing to preserve the [respondent's] claim that his or her counsel was ineffective." *People v Heft*, 299 Mich App 69, 80; 829 NW2d 266 (2012).[1] A respondent can also preserve a claim of ineffective assistance of counsel by filing a motion in this Court for a remand to the trial court for a *Ginther*[2] hearing. *People v Abcumby-Blair*, 335 Mich App 210, 227; 966 NW2d 437 (2020). Respondent did not take steps to preserve his ineffective assistance of counsel claim, and instead raises the issue for the first time on appeal. Accordingly, this issue is unpreserved.

## III. STANDARD OF REVIEW

Unpreserved claims of ineffective assistance of counsel are reviewed for errors that are apparent on the record. *People v Matuszak*, 263 Mich App 42, 48; 687 NW2d 342 (2004). "A claim of ineffective assistance of counsel presents a mixed question of fact and constitutional law." *People v Isrow*, 339 Mich App 522, 531; 984 NW2d 528 (2021) (quotation marks and citation omitted). A trial court's findings of fact, if any, are reviewed for clear error, and this Court reviews the ultimate constitutional issue arising from an ineffective assistance of counsel claim de novo. *Id*. Clear error exists where the reviewing court is left with a "definite and firm conviction" that the lower court made a mistake. *Id*.

## IV. INEFFECTIVE ASSISTANCE OF COUNSEL

Respondent argues that his trial counsel was ineffective for failing to call an expert witness to testify regarding forensic interviewing, child memory, and suggestibility during the joint adjudication and termination hearing. We disagree.

The right to counsel is guaranteed by both the United States and Michigan Constitutions. See US Const, Am VI; Const 1963, art 1, § 20. However, for a respondent to prevail on a claim

---

[1] We note that, "[i]n the context of child protective proceedings . . . , this Court has determined that constitutional due process indirectly guarantees a right to the effective assistance of counsel." *In re Londowski*, 340 Mich App 495, 506; 986 NW2d 659 (2022). Thus, "[t]he principles applicable to claims of ineffective assistance of counsel in the arena of criminal law also apply by analogy in child protective proceedings." *In re Mota*, 334 Mich App 300, 318; 964 NW2d 881 (2020) (quotation marks and citation omitted).

[2] *People v Ginther*, 390 Mich 436; 212 NW2d 922 (1973).

of ineffective assistance of counsel, he must satisfy the two-part test of *Strickland v Washington*, 466 US 668; 104 S Ct 2052; 80 L Ed 2d 674 (1984). *People v Sabin*, 242 Mich App 656, 659; 620 NW2d 19 (2000). A respondent "must establish (1) the performance of his counsel was below an objective standard of reasonableness under prevailing professional norms and (2) a reasonable probability exists that, in the absence of counsel's unprofessional errors, the outcome of the proceedings would have been different." *Id*.

Thus, "[e]ffective assistance of counsel is presumed, and [a respondent] bears a heavy burden of proving otherwise." *People v Johnson*, 315 Mich App 163, 174; 889 NW2d 513 (2016) (quotation marks and citation omitted). Additionally, a respondent "must overcome a strong presumption that the assistance of his counsel was sound trial strategy," and he must show that, but for counsel's error, the outcome of the trial would have been different. *Id*. "[D]ecisions regarding what evidence to present, what evidence to highlight during closing argument, whether to call witnesses, and how to question witnesses are presumed to be matters of trial strategy." *People v Putman*, 309 Mich App 240, 248; 870 NW2d 593 (2015). "This Court does not second-guess counsel on matters of trial strategy, nor does it assess counsel's competence with the benefit of hindsight." *People v Russell*, 297 Mich App 707, 716; 825 NW2d 623 (2012). Further, a "[respondent] has the burden of establishing the factual predicate for his claim of ineffective assistance of counsel." *People v Hoag*, 460 Mich 1, 6; 594 NW2d 57 (1999).

In *In re Casto*, ___ Mich App ___, ___; ___ NW2d ___ (2022) (Docket No. 357656); slip op at 1, this Court considered whether a respondent was denied effective assistance of counsel during his termination proceedings. The respondent sexually abused his child, and the child was interviewed several times about the abuse. *Id*. at ___; slip op at 1-3. The child did not testify during the termination proceedings; instead, the child's interview statements were admitted as substantive evidence. *Id*. at ___; slip op at 2-3. During the proceedings, the petitioner called several experts to testify as to the reliability and credibility of the child's statements. *Id*. at ___; slip op at 2-4. The respondent did not call any witnesses. *Id*. at ___; slip op at 4. After the respondent's parental rights were terminated, a *Ginther* hearing was held addressing the respondent's claim that his trial counsel was ineffective for failing to call an expert witness to challenge the forensic interview, the child's memory, and suggestibility. *Id*. at ___; slip op at 5. Both the petitioner and the respondent presented expert witnesses during the hearing. *Id*. at ___; slip op at 5-6. Ultimately, the trial court concluded that the respondent had not been denied the effective assistance of counsel. *Id*. at ___; slip op at 8.

On appeal, the *Casto* Court concluded that the respondent was denied the effective assistance of counsel because an "expert could have assisted counsel in identifying problems with [the child's] disclosures during interviews." *Id*. at ___; slip op at 10. The Court also concluded that it was inappropriate for the petitioner's "expert to vouch[] for the credibility of [the child]" because "[c]redibility is a matter for the fact-finder, not an expert witness." *Id*. at ___; slip op at 11. Further, regarding prejudice, the Court noted that the child's "out-of-court statements made to third parties" during the interviews were central to the petitioner's case. *Id*. at ___; slip op at 14. While the petitioner presented the testimony of several experts to "bolster the credibility and reliability of [the child's] statements," the respondent's counsel failed to call witnesses to refute the petitioner's experts. *Id*. at ___; slip op at 14. The Court concluded, "The result was a one-sided presentation of experts to support [the petitioner's] theory of the case." *Id*. at ___; slip op at 14. Therefore, because "the case rises or falls with the credibility and reliability of [the child's]

disclosures . . . , an expert should have been consulted by [the] respondent's trial counsel . . . ." *Id*. at ___; slip op at 15.

Unlike the child in *Casto*, here, NL testified at the joint adjudication and termination hearing. While she did participate in an interview about the sexual abuse before the proceeding, this interview was not relied upon by the trial court during trial. Instead, the trial court was able to assess NL's credibility through her direct testimony. "[R]egard is to be given to the special opportunity of the trial court to judge the credibility of the witnesses who appeared before it." *In re Mota*, 334 Mich App 300, 320; 964 NW2d 881 (2020) (quotation marks and citation omitted). Thus, this case is distinguishable from *Casto* in that the trial court directly assessed NL's credibility.

Further, it was reasonable for respondent's counsel to not call an expert witness at the adjudication and termination hearing. Respondent's counsel may have reasonably wanted to avoid the possibility that an in-depth analysis of NL's memory and testimony may have corroborated NL's memories and the trustworthiness of her testimony. Thus, it is reasonable that respondent's counsel may have wanted to avoid the possibility of confirming NL's allegations. Therefore, we conclude that counsel's decision to not call an expert to testify as to forensic interviewing, child memory, and suggestibility was a reasonable trial strategy, which we do not second-guess. See *Russell*, 297 Mich App at 716. Further, even if respondent had called an expert regarding NL's credibility, the ultimate credibility determination lies with the trial court. See *Mota*, 334 Mich App at 320.

Respondent also has not established a factual predicate for his claim. In contrast to *In re Casto*, where a *Ginther* hearing was held and expert witnesses were called to testify as to child memory and suggestibility, here, no *Ginther* hearing was held and respondent did not present any offer of proof regarding what a potential expert would testify about. Cf. *In re Casto*, ___ Mich App at ___; slip op at 5. Additionally, unlike in *In re Casto*, petitioner here did not present any expert testimony that needed to be refuted. Cf. *id*. at ___; slip op at 3-4. Thus, there were no competing experts nor a one-sided presentation of experts in this case. Cf. *id*. at ___; slip op at 3-4, 14. NL herself testified at the combined adjudication and termination hearing, and no out-of-court statements to third parties (such as NL's statements during her original interview) were admitted during the joint hearing. The court was able to assess NL's credibility itself, and there was no expert testimony presented that needed to be refuted. Therefore, respondent cannot establish that he was prejudiced or that there is a reasonable probability that the outcome of the proceedings would have been different in the absence of any error by trial counsel.

Affirmed.

/s/ Kirsten Frank Kelly
/s/ Kathleen Jansen
/s/ Noah P. Hood

-4-